*FOUCHER* vs. *CARRABY* & *AL.*

Eastern Dist
*March,* 1828.

District &
parish courts
are not in-
competent to
entertain
suits against
tutors, cura-
tors, and ex-
ecutors *rati-
one materiæ.*

APPEAL from the court of the first district,

MATTHEWS, J. delivered the opinion of the court. The petition in this suit comprises two distinct actions—one hypothecary, the other in nullity. The plaintiff states that she is creditor and legatee of B. Lafon, deceased; that she obtained a judgment against his executors in the court of probates, and is unable to obtain satisfaction on it, in consequence of the waste of the testator's estate and insolvency of his executors; and claims a right of tacit mortgage on a lot of ground, described in her petition as belonging to said succession, and now held and possessed by the defendant. She further alleges, that a sheriff's deed, under which they hold the property, is null and void, being consequent on a sale made in virtue of an execution issued on a judgment, which is absolutely void, on account of total want of jurisdiction in the court by which it was rendered. The defendants claim title to the lot in dispute under the sheriff's sale, &c. They obtained judgment in the court below, from which the plaintiff appealed.

The district court in rendering judgment has decided solely on the alleged nullity of the

Eastern Dist.
*March*, 1828.

FOUCHER
*vs.*
CARABY &
AL.

title under which the defendants claim the disputed premises; and this decision not having been objected to by the counsel for the appellant, in consequence of being confined to this subject, and as the record contains no proof that the written evidence, under which the plaintiff claims her tacit mortgage, was registered according to the act of 1813, providing for such cases; the matter relating to nullity will alone be considered,

The evidence of the cause, (or so much thereof as the present investigrtion requires to be stated) shews that one Desessart, a legatee of B. Lafon, obtained judgment against the executors of the latter, in the district court, for the amount of his legacy, and caused that judgment to be executed by the proper officer, who seized and sold the lot now in dispute, as belonging to the succession of the testator. At this sale the defendants became the purchasers, paid the price, and took the sheriff's deed, &c.

While the suit of Desessarts *vs.* Lafon's executors, was pending before the district court, no plea to its jurisdiction was filed on their part; nor was any appeal taken from the final judgment therein rendered: but it is now

Eastern Dist.
March, 1828.

FOUCHER
vs.
CARABY &
AL.
attacked as being absolutely null and void *ab initio,* and all subsequent proceedings thereon, down to the act of sale made to the appellees.

We had occasion to examine the subject which the suit now under consideration presents, in the case of *Tabor* vs. *Johnson, vol.* 3, 674. The court then, after mature consideration, and under some apparent embarrassment, caused by former decisions, came to the conclusion that the courts of ordinary jurisdiction of the state, are not incompetent to entertain jurisdiction of suits against tutors, curators, and testamentary executors, in relation to the administration of successions, *ratione materio*; but rather *ratione personæ.* If the doctrine taught by that case be true, it follows as a necessary consequence, that judgments rendered by those tribunals, against estates held and administered as above stated, are not absolutely void; and that sales made in executing such judgments, give titles to purchasers. So far from changing our opinion relative to the principles established by the decision of the case referred to, further reflection has fully confirmed us in a belief of their correctness.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed, with costs.

*Hennen* for the plaintiff, *Seghers* & *Denis* for the defendant.